IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

                    Plaintiff,

        v.                          CASE NO:  1:22-CR-28

TOMMY TERRELL MIMS,

                    Defendant.

_____/


                    *   *   *   *

                CHANGE OF PLEA HEARING

                    *   *   *   *


BEFORE:     THE HONORABLE PAUL L. MALONEY
            United States District Judge
            Kalamazoo, Michigan
            February 10, 2023

APPEARANCES:

APPEARING ON BEHALF OF THE GOVERNMENT:

        DANIEL T. McGRAW
        Assistant United States Attorney
        P.O. Box 208
        Grand Rapids, Michigan  49501-0208

APPEARING ON BEHALF OF THE DEFENDANT:

        HELEN C. NIEUWENHUIS
        Federal Public Defender
        50 Louis Street, NW, Suite 300
        Grand Rapids, Michigan 49503-2633

Kalamazoo, Michigan

February 10, 2023

at approximately 11:09 a.m.

PROCEEDINGS

THE COURT:  This is File Number 22-28; <u>The United States of America vs. Tommy Mims</u>.  This matter is before the Court for a change of plea proceeding.  The record should reflect that Assistant United States Attorney Dan McGraw represents the government, Attorney Helen Nieuwenhuis represents the defendant, the defendant is present in person.

Ms. Nieuwenhuis, it's my understanding that pursuant to a plea agreement with the government, your client intends to plead guilty to Count One of the Superseding Indictment; is that correct?

MS. NIEUWENHUIS:  That is correct, your Honor.

THE COURT:  All right.  Thank you very much.

You are Tommy Mims?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Mims, your lawyer advises me you wish to change your plea to guilty to Count One of the Superseding Indictment pursuant to a plea agreement with the government; is that true?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right, sir.  In order to take a

plea of guilty from you, I must place you under oath. Would you raise your right hand.

TOMMY MIMS,

after having been first duly sworn to tell the truth, the whole truth and nothing but the truth, was examined and testified as follows:

THE DEFENDANT: Yes, your Honor.

THE COURT: Thank you, sir.

Have you taken any prescription medication or any other substance which might affect your ability to understand what is occurring here today?

THE DEFENDANT: No, your Honor.

THE COURT: Do you understand what I'm saying to you?

THE DEFENDANT: Yes, your Honor.

THE COURT: If at any time I say something you don't understand, I want you to ask me questions. Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Have you had a full opportunity of discussing your case with your lawyers of the Public Defender's Office?

THE DEFENDANT: Yes, your Honor.

THE COURT: Are you satisfied with their work and representation of you?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand, sir, you have the absolute right to continue your plea of not guilty to the charges contained in the Superseding Indictment and proceed to trial if that's what you wish to do?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I take it after consultation with your lawyer, you want to take advantage of the plea agreement the government has offered you; is that correct?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Thank you, sir.

Mr. McGraw, on behalf of the government, would you summarize the agreement for us, sir.

MR. McGRAW:  Yes, your Honor.

Thank you.

In exchange for --  Well, first, the defendant agrees to plead guilty to Count One of the Superseding Indictment, that charges distribution of fentanyl resulting in death.  The plea agreement lays out the penalties associated with that count.  That carries a mandatory minimum of 20 years in prison and up to life, followed by not less than three years of supervised release and up to life, a maximum fine of a million dollars, and a mandatory special assessment of a hundred dollars.  However, this plea agreement in part is governed by Rule 11C(1)(c), which means

that if accepted by the Court, the parties have agreed that an appropriate sentence in this case is 240 months or 20 years.

In exchange for the defendant's plea of guilty, the government will move to dismiss the 851 enhancement that was filed in this case.  The benefit of that, of course, is that enhancement made the mandatory minimum penalty life in prison.  The government will move to dismiss that at the time of sentencing.  The government will also move to dismiss Count Two in the Superseding Indictment.

The plea agreement contains in Paragraph 10, colloquially known as an appellate waiver, the defendant agrees that he is waiving his right to appeal or otherwise collaterally attack his conviction and sentence in this case, except for the narrow exceptions that are provided in Subparagraph b, on Page 7 of the plea agreement.

Defendant also understands that the Court is not a party to this plea agreement.  This plea agreement is just between the U.S. Attorney's Office and the defendant.

And those are the pertinent provisions that I would like to place on the record.

Thank you, your Honor.

THE COURT:  Thank you, counsel.

Ms. Nieuwenhuis, is that an accurate summarization of the plea agreement?

MS. NIEUWENHUIS:  It is, your Honor, yes.

THE COURT:  All right.  Thank you.

Mr. Mims, do you have any questions regarding the plea agreement, sir?

THE DEFENDANT:  No, your Honor.

THE COURT:  All right.  Now, you understand that the plea agreement contains a recommendation pursuant to the Court Rules that it's a joint recommendation of both the government and you that I give you 240 months as your sentence.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, if I accept your plea today, Mr. Mims, I'm going to order a preparation of a presentence report.  Part of that presentence report will contain the advisory guidelines that pertain to your case as well as other information regarding you that pertains.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If after reading the presentence report, I decide that I cannot follow that recommendation of 20 years, then you would be given the opportunity to withdraw your plea of guilty and proceed to trial.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And I would give you -- I would advise

you of that, and I would give you and your lawyer the opportunity to consult as to whether you wanted to withdraw your plea under those circumstances.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  All right.  Thank you, sir.

Let me read Count One of the Superseding Indictment to you, Mr. Mims.

The allegation is, is that:  "On or about August 7, 2020, in Kent County, in the Western District of Michigan, you Tom Terrell Mims, also known as "T," knowingly and intentionally distributed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, the use of which resulted in the death of H.C." Do you understand that charge?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I advise you, sir, that the maximum term of imprisonment for that offense is life imprisonment. Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  The Court must sentence you to at least 20 years, if you are convicted of this count.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  The maximum fine is $1 million.  Do you

understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I must place you on a term of supervised release, that is a term of supervision by the Court after you complete any term of imprisonment that I might impose.  That term of supervised release cannot be less than three years and can be up to the rest of your natural life.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  The Court would be obligated to assess the special assessment of $100, if you are convicted.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If there's a restitution request by either party, the Court would -- can order restitution under the statute.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, as I said before, Mr. Mims, if I accept your plea, I'll order the preparation of a presentence investigation report.  Part of that presentence report is the calculation of the advisory sentencing guidelines that pertain to your case.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  That range is advisory to the Court, Mr. Mims.  I can stay within the range, I can go below the

range, or I can go above the range.  I use it as a starting point in determining your sentence.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  But again, the Court must at least give you 20 years.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  The Court is also required to consider any departures or variances from the guidelines, and must consider the sentencing factors contained in 18 U.S. Code 3553(a).  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right, sir.  How do you wish to plead to Count One of the Superseding Indictment?

THE DEFENDANT:  Guilty, your Honor.

THE COURT:  Do you understand, sir, that if you plead guilty and I accept your plea, you will be giving up your right to a trial, and there will be no trial of any kind?  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You have the absolute right to a jury trial of 12 persons or the right to be tried by a judge alone without a jury.  These rights you give up if you plead guilty.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At the trial, you would be presumed

innocent of the offense until the government proves beyond a reasonable doubt that you are guilty.  These rights you give up if you plead guilty.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At the trial, you would have the right to question and cross examine the witnesses the government calls in support of their case, that's your right of confrontation under the Sixth Amendment of the Constitution. You would do this through your lawyer.  This right you give up if you plead guilty.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You would have the right to call any witnesses that you have for your defense, to subpoena those witnesses into court through the subpoena power of the Court, and to present any other evidence that you have for your defense.  These rights you give up if you plead guilty. Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At the trial, you would have the right to testify if you wanted to.  On the other hand, you have the absolute right not to testify and that silence could not be used against you in any way.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  The government could not call you as a witness at the trial, that's your right against compelled

self incrimination under the Fifth Amendment of the Constitution.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand, sir, that if you plead guilty and I accept your plea, you'll be forever giving up your right to a trial, there will be no trial of any kind, and you'll be deliberately giving up all of the other rights that we have talked about?  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If I accept your guilty plea, this will result in a conviction of the offense and it would be up to the Court to eventually sentence you for the crime.  Do you understand?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Has anyone forced you, or threatened, or coerced you into pleading guilty?

THE DEFENDANT:  No, your Honor.

THE COURT:  Have there been any promises of leniency or benefit, other than those contained in the plea agreement?

THE DEFENDANT:  No, your Honor.

THE COURT:  Has anybody predicted what your sentence might be if you plead guilty?

THE DEFENDANT:  No, your Honor.

THE COURT:  Are you pleading guilty freely and

voluntarily and because you are, in fact, guilty of the crime as alleged in Count One?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  All right, sir.  Now, part of the plea agreement in this case gives up your right to appeal to the Sixth Circuit Court of Appeals, and to file a what is called a habeas corpus petition except under very limited circumstances that are outlined in the plea agreement.  Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  All right, sir.  Now let's turn our attention to the plea agreement, which is ECF Document 42, and let's first turn our attention to Page 10, which appears to be the signature page.  Mr. Mims, is that your signature on Page 10?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And you signed that document after going over it with your lawyers; is that correct?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  They answered all of your questions regarding the plea agreement?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you have any questions of me regarding the plea agreement?

THE DEFENDANT:  No, your Honor.

THE COURT:  All right.  Thank you, sir.

Now let's turn to Page 3, Paragraph 5, which starts on Page 3 and is continued on Page 4.  It's entitled "factual basis of guilt."  Mr. Mims, are all of the statements contained in Paragraph 5 true?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Miss Nieuwenhuis, satisfied with the facts?

MS. NIEUWENHUIS:  I am, your Honor, yes.

THE COURT:  Mr. McGraw, satisfied with the facts?

MR. McGRAW:  I am, your Honor.  I would just add, we neglected to include venue in the factual basis.  The venue is Kent County, Michigan, in the Western District of Michigan.

THE COURT:  All right.  Is that true, Mr. Mims, this all happened in Kent County, in the Western District of Michigan?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Satisfied, Mr. McGraw?

MR. McGRAW:  I am.  Thank you, your Honor.

THE COURT:  The Court is also so satisfied.  I find the plea to be freely and voluntarily entered without promises of leniency or benefit.  The Court finds no evidence of force or coercion.  The Superseding Indictment is factually accurate, based on the defendant's admission of

guilt.  Accordingly, I accept his plea.  The Court will take the plea agreement under advisement.

At this point, the defendant stands convicted of Count One, subject to the Court's valuation of the plea agreement.

A presentence report is ordered.

The defendant will be remanded to the custody of the marshal to await sentencing, and the Court would expect sentencing to be probably in late May.

Anything further in this matter, Mr. McGraw?

MR. McGRAW:  No, thank you, your Honor.

THE COURT:  Ms. Nieuwenhuis?

MS. NIEUWENHUIS:  No, thank you, your Honor.

THE COURT:  All right.  That's all for today. Thank you.

COURT CLERK:  All rise, please.

Court is in recess.

(At 11:22 a.m., proceedings concluded.)

C E R T I F I C A T E

I, Kathleen S. Thomas, Official Court Reporter for the United States District Court for the Western District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a true and correct transcript of proceedings had in the within-entitled and numbered cause on the date hereinbefore set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

/s/

_____

Kathleen S. Thomas, CSR-1300, RPR
U.S. District Court Reporter
410 West Michigan
Kalamazoo, Michigan    49007